Vermont Superior Court
Filed 03/12/25
Addison Unit

VERMONT SUPERIOR COURT

Addison Unit

7 Mahady Court

Middlebury VT 05753

802-388-7741

www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-04676

## AC Wright LLC v. Wind River Environmental, LLC et al

# ENTRY REGARDING MOTION

Title:      Motion to Reconsider Motion for Summary Judgment (Motion: 8)

Filer:      John M Mazzuchi

Filed Date: February 19, 2025

On February 19, 2025, AC Wright filed a motion to reconsider this court's February 18, 2025 order denying summary judgment to both parties, arguing the court made a "manifest error of fact" when it misquoted AC Wright's briefing.[1] See Motion for Reconsideration, filed 2/19/2025, p. 2; Entry Regarding Motion, filed 2/18/2025, p. 5. AC Wright contends this error "forms the entire basis for the Court's conclusion that the term 'use' is ambiguous" and that a correction "should materially change the Court's decision" regarding a finding of ambiguity in AC Wright's contract with Wind River. Motion for Reconsideration, p. 2.

The court disagrees. Correcting the misquotation pointed out by AC Wright changes nothing regarding the court's findings concerning ambiguity in the Settlement Agreement. The conflicting interpretations of the words "use" and "violation" derive from the parties' email correspondence surrounding the Agreement attached as exhibits, not from the parties' briefings. See Exhibit A to Affidavit of Donald Dumont, filed 5/13/24; Ex. 3–6 to Plaintiff's first Motion for Summary Judgment, filed 11/8/23. AC Wright's example simply reinforces that there is no mechanism for distinguishing between permitted and prohibited contact in the Agreement.[2]

---

[1] This court misquoted AC Wright's Opposition to Defendant's Motion for Summary Judgment, filed 11/26/2024, as saying "Contacting a single customer **on the** Customer List would be 'use' of the Customer List and thus a violation." Entry Regarding Motion, filed 2/18/2025, p. 5. The sentence reads, "Contacting a single customer **using** the Customer List would be 'use' of the List and thus a violation. Memorandum in Opposition to Defendants' Motion for Summary Judgment, filed 11/26/2024, p. 9 (emphasis added). The court quotes the sentence correctly in its entirety on page six of the entry order.

[2] AC Wright imagines a scenario where Wind River sends a mailing to every resident of Addison County without taking name or address information from the Customer List, and states that would be acceptable under the

The existence of ambiguity in the contract places the question of the parties' intent at the time of contracting, and thus the existence of a breach, within the purview of the jury. *Beldock v. VWSD, LLC*, 2023 VT 35, ¶ 50, 218 Vt. 144 (2023). These questions overlap in this case because one of the terms the court found ambiguous plays a pivotal role in determining whether a breach has occurred. Further, although the "determination of whether a liquidated damages provision is reasonable is a question of law," "evaluation of the three factors underlying that determination requires resolution of factual issues." *Renaudette v. Barrett Trucking Co.*, 167 Vt. 634, 635 (1998) (quoting *Highgate Assocs., Ltd. v. Merryfield*, 157 Vt. 313, 316 (1991)); *Highgate Assocs., Ltd. v. Merryfield*, 157 Vt. 313, 316 (1991). AC Wright also has yet to present affirmative evidence of damages. All these issues must be addressed at trial.

The Motion for Reconsideration is DENIED.

**Signed electronically March 11, 2025 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**

---

Settlement Agreement. Motion for Reconsideration, p. 3. However, if Wind River were to undertake such a campaign, the construction of the Settlement Agreement would force them into proving a nearly impossible negative. AC Wright could simply claim that the mailing itself was evidence of use of the List, and put the burden on Wind River to show how it came into possession of every single contested individual's contact information in order to confirm the contact was not through "use" of the List.